# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **CAROL SCHROEDER** ) | |
| ) | |
| ) | |
| ) | |
| PLAINTIFF, ) | |
| vs. ) | Case No.: |
| ) | |
| **SCHNUCK MARKETS, INC.** ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |
| DEFENDANT. ) | |
| ) | |
| SERVE REGISTERED AGENT: ) | |
| MARY MOORKAMP ) | |
| 11420 Lackland Road ) | |
| Saint Louis, MO 63146 ) | |
| ) | |
| ) | |
| ) | |

## NATURE OF THE CASE

This is an employment discrimination case, brought pursuant to the provisions of the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq.; the Age Discrimination Act (ADEA), 29 U.S.C. § 621, and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. and 28 U.S.C. § 1331.

## PARTIES

1. Plaintiff is an adult resident of Roodhouse, Illinois and is a citizen of the United States of America.

2.	Defendant, Schnuck Markets, Inc. is a Missouri Corporation located at 11420 Lackland Road., Saint Louis, Missouri 63146 and doing business within the Eastern District of Missouri.

## JURISDICTION

3.	This Court has original jurisdiction over Plaintiff's claims pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq. (TITLE VII); the Age Discrimination Act (ADEA), and the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq. and 28 U.S.C. § 1331.

4.	Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant may be found in this District and the majority of the challenged conduct occurred in this District.

5.	On May 3, 2018, Plaintiff filed her Charge of Discrimination with the Missouri Human Rights Commission and the U.S. Equal Employment Opportunity Commission [EEOC Charge 28E-2018-00957]. Said Charge is attached hereto as Exhibit 1, and incorporated herein by reference as if fully set forth.

6.	After investigation, on the 31st day of January, 2019, the EEOC mailed its Notice of Right to Sue, in that it had been more than 180 days since the filing of the charge and the EEOC was terminating it processing of the charge and closing the case. Said Right To Sue letter is attached hereto as Exhibit 2, and incorporated herein.

7.	Schroeder timely files her Complaint in this Honorable Court.

## FACTUAL BACKGROUND

8. Defendant operates a chain of supermarkets and pharmacies in at least four states; Missouri, Illinois, Iowa and Wisconsin, including in the St. Louis, Missouri area.

9. Defendant's supermarkets and pharmacies are located within 75 miles of each other and within 75 miles of Defendant's principal office at 11420 Lackland road., Saint Louis, Missouri 63146.

10. Defendant collectively employed at least 10,000 people at its supermarkets and pharmacies and principal office.

11. Schroeder began her employment with Defendant in 1998 and was continuously employed by Defendant until November 13, 2018. At the time of termination Schroeder was a pharmacist.

12. During her years of employment, Schroeder had excellent job reviews.

13. Schroeder had an acceptable "Safety Score" by company standards.

14. Schroeder was such a valued employee of Defendant that she served as a preceptor to both colleges of pharmacy (SIUE and STLCOP) and a mentor to many pharmacy students.

15. Over the course of her employment, Schroeder has lawfully exercised her FMLA rights for six pregnancies, to care for her son during a time of hospitalization for epilepsy, and other FMLA-qualified leaves, intermittently, consistent with federal law.

16. On or about December 13th, 2016, Schroeder applied for, and received, FMLA leave for herself due to an emergency hernia surgery. In the twelve months preceding December 13, 2016, Schroeder worked at least 1,250 hours in the employ of Defendant.

17. Said FMLA leave was exercised until February 12, 2017, when Ms. Schroeder returned to her regular duties. It was after her return from exercising her FMLA rights that the retaliation from Defendant began.

### Check-Cashing Privileges

18. During the time of her employment, Defendant allowed its employees check-cashing privileges at the facility in which they worked, which convenience benefit many employees used in the course of their employment.

19. If any check cashed from an employee was returned for insufficient funds, the employee was asked to reimburse the facility for the amount of the check and check return fees.

20. Schroeder also used the check-cashing privileges several times, as a number of other employees did.

### FMLA

21. On February 12, 2017, following her return from her approved FMLA leave, Schroeder was advised by her supervisor, GF, that she had been instructed to notify Schroeder that if she "had any more medical leaves, [Schroeder] would be asked to step down."

Safety Score

22. After Schroeder returned to her employ following exercising her FMLA rights, she was advised she had 13 points on the Safety Score. However, 4 of those points were challengeable because they were caused by corporate initiating an unsafe implementation.

23. Schroeder was advised by the Defendant that she could challenge the 4 points assessed to her. However, She was subsequently informed that the Defendant had changed its mind and withdrew the opportunity to challenge the points to the review board. The addition of the safety points, and the refusal to allow Schroeder the opportunity to challenge them was retaliation for Schroeder exercising her FMLA rights, and designed to create a hostile work environment.

24. Immediately thereafter, Schroeder was offered and enticed to consider moving to a position in the Call Center in Bridgeton, Missouri. It was explained that the position she was being encouraged to accept had no weekend responsibilities, no holiday work responsibilities, better daily hours, and would suit her lifestyle as a single mother of several children. However, the move to the Call Center had the effect of stripping her from her job duties as a pharmacy manager. She accepted the position and reported for duty on November 6, 2017. Schroeder was told by her supervisors not to advise her customers of her reassignment.

25. When she reported to the Call Center for work on November 6, 2017, the employees at the Call Center were surprised at her presence and had no knowledge another person was being assigned to the Call Center. It was at that time Schroeder realized that no job existed for her at the Call Center. She was instructed to assist in the central fill department

Tuesday and Wednesday. On Thursday, November 9, 2017, Schroeder was called into the office at the Call Center and was interrogated as to her check-cashing activities at her previous Schnucks location. It became obvious to Schroeder at that time that the Call Center position was a fictional position and Defendant enticed her into taking it merely to remove her from her pharmacist duties and relocate her to a position where she could be terminated outside the public eye.

26. In furtherance of the effort to justify her termination, Schroeder was questioned as to her use and cashing temporary checks, and her possibly overriding the system in order to cash such temporary check. She was erroneously accused of using two checking accounts due to the temporary checks looking different than the printed checks from the same account. In other words, the temporary checks were not from a new account, but merely a temporary check from her regular checking account.

27. There is no policy on employees use of temporary checks, nor for managers to override the system in order to approve such temporary checks. Customers use temporary checks frequently and the system is overridden by management to approve them.

28. Schroeder was not advised she could not cash temporary checks.

29. Schroeder was instructed to turn in her badge and leave the premises on November 9, 2017, and she was terminated on November 13, 2017.

30. The actions of Defendant in warning Schroeder that further medical leave would result in her termination, maneuvering her away from her position as a pharmacy manager and

pharmacist, thereby demoting her to the call center, stripping her of her pharmacist duties, assessing her additional safety points, refusing her an opportunity to appeal her safety point assessment were adverse employment actions intended to create a pre-textual paper trail and/or to pretextually facilitate Schroeder's termination.

31. Schroeder's termination left her unemployed and without an income or benefits, including health insurance, for herself and her children.

## COUNT I

## RETALIATION FOR EXERCISING RIGHTS PROTECTED BY FMLA

32. Schroeder incorporates by reference each of the allegations contained in paragraphs 1-32 of Plaintiff's Complaint as if fully stated herein.

33. At all times relevant hereto, Schroeder was an eligible employee within the definition of the FMLA because Plaintiff had been employed for at least twelve months by Defendant, had logged at least 1,250 hours of service with Defendant during the twelve-month period preceding the dates of his taking and/or requesting leave from work, and was employed at a work site where Defendant employed fifty or more employees within seventy-five miles of that worksite. See 29 U.S.C. § 2611(2).

34. At all times relevant hereto, Defendant was an employer within the definition of the FMLA because Defendant was engaged in commerce or an industry or activity affecting commerce and employed fifty or more employees for each working day during each of twenty or more calendar workweeks in the current or preceding calendar year. See 29 U.S.C. § 2611(4).

35. Schroeder exercised her FMLA rights because she suffered from a serious health condition, as defined by 29 U.S.C. § 2611(11), and at other times she provided care for her biological child under the age of 18 years who suffered from a serious health condition as provided in 29 U.S.C. § 2611(12) and 29 U.S.C. § 2612 (a)(1)(C) & (D).

36. Schroeder properly applied for, was qualified for, and exercised her FMLA rights consistent with the applicable law and company policy.

37. Defendant was aware that Schroeder suffered from a serious health condition that made her unable to perform the functions of her pharmacy manager position, and that Schroeder provided care for her biological children under the age of 18 years who suffered from a serious health condition, and that Schroeder was entitled to exercise her rights under FMLA.

38. Schroeder engaged in conduct protected by the FMLA by requesting and taking medical leaves, including maternity leaves, for her serious health conditions and to provide care for her biological children under the age of 18 years who suffered from a serious health condition.

39. Defendant's actions in warning Schroeder that further medical leave would result in her termination, maneuvering her away from her position as a pharmacy manager and pharmacist, thereby demoting her to the call center, stripping her of her pharmacist duties, assessing her additional safety points, refusing her an opportunity to appeal her safety point assessment, and termination were adverse employment actions in retaliation for Schroeder taking time off from work for medical leave and for lawfully requesting medical leave under the FMLA.

40. Defendant discharged or discriminated against Schroeder in violation of 29 U.S.C. § 2615(a)(2).

41. Schroeder's termination was an adverse employment action caused by the exercise of her rights under the FMLA.

42. Defendant impermissibly considered Schroeder's use of FMLA leave as a factor in Defendant's decision to demote or discharge Plaintiff.

43. Defendant did not have a legitimate business reason for discharging Schroeder.

44. Defendant's conduct was intentional.

45. Schroeder's discharge has caused Plaintiff to lose wages and other benefits of her employment with Defendant, including employee benefits and health insurance for her and her 8 children.

46. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered damages.

WHEREFORE Plaintiff Carol Schroeder respectfully requests this Court, after trial by jury, enter judgment for Plaintiff and against Defendant on Count I of this Complaint, and prays for an award of actual damages in an amount to be proved at trial, including but not limited to back pay, front pay, compensatory damages, together with interest thereon, reasonable attorneys' fees, expert fees and costs, and any other further relief available at law or equity that this Court deems just and proper under the circumstances.

## COUNT II

## AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. §623

47.     Schroeder incorporates by reference each of the allegations contained in paragraphs 1-46 of Plaintiff's Complaint as if fully stated herein.

48.     At all times material hereto, Schroeder was over the age of 40, thus placing her in a protected class under the Age Discrimination in Employment Act (ADEA).

49.     As demonstrated by her 19 years of employment in which she never received any individualized disciplinary action, Schroeder was able to meet all applicable job qualifications.

50.     On November 13, 2017 Schroeder was terminated from employment with Defendant without good cause.

51.     In addition to all of those circumstances described above, Defendant additionally discriminated against Schroeder due to her age because, based on information and belief, Defendant is hiring more new, younger pharmacists to be managers and are finding avenues to force older employees who are costing Defendant more money in health costs, to leave the company.

52.     At an employment benefits meeting Schroeder attended on November 7, 2017, the meeting chair confirmed that health costs were "costing the company a lot of money" and provided incentive to the Defendant to create such a hostile environment that older employees would retire.

53. As a direct result of Defendant's unlawful discrimination, Schroeder has suffered pecuniary and emotional damage in the form of lost wages and benefits of employment.

54. As a direct result of Defendant's unlawful discrimination, Plaintiff has suffered emotional damage, mental anguish, and financial hardship.

55. Defendant's conduct as aforesaid was outrageous and the result of an evil motive or reckless indifference to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against the Defendant to deter Defendant and others from engaging in future similar conduct.

WHEREFORE Plaintiff Carol Schroeder respectfully requests this Court, after trial by jury, enter judgment for Plaintiff and against Defendant on Count II of this Complaint, and prays for an award of actual damages in an amount to be proved at trial, including but not limited to back pay, front pay, compensatory damages, together with interest thereon, reasonable attorneys' fees, expert fees and costs, and any other further relief available at law or equity that this Court deems just and proper under the circumstances.

## COUNT III

### SEX AND AGE DISCRIMINATION IN VIOLATION OF TITLE VII

56. Schroeder incorporates by reference each of the allegations contained in paragraphs 1-56 of Plaintiff's Complaint as if fully stated herein.

57. Throughout the period of time that she suffered a hostile work environment and age discrimination at the hands of Defendant, and at the time of Plaintiff's discharge from

employment, Plaintiff had more seniority and better performance than younger employees that Defendant retained and did not treat in discriminatory fashion.

58. The Plaintiff's age was a substantial factor, if not the motivating factor, in the last act constituting the hostile work environment to which Plaintiff was subjected.

59. Defendant's decision to terminate Plaintiff from employment and to retain various younger members of Defendant's employment in the same or similar positions with less seniority and lesser performance, is in violation of Title VII of the Civil Rights Act of 1964.

60. In addition, Schroeder's age was a substantial factor, if not the motivating factor, in Defendant's ongoing hostile work environment discrimination against Plaintiff, which included, among other things, warning Schroeder that further medical leave would result in her termination, maneuvering her away from her position as a pharmacy manager and pharmacist, thereby demoting her to the call center, stripping her of her pharmacist duties, assessing her additional safety points, and terminating her employment, all in violation of Title VII of the Civil Rights Act of 1964.

61. The Defendant's discriminatory actions violated 42 U.S.C. §§ 1981 and 2000e et seq., ("Title VII").

62. At all times pertinent to this matter, Defendant employed and employs over 10,000 individuals; therefore, Defendant constitutes an "employer" under Title VII.

63. Schroeder, who is over the age of 40, is in a protected class under Title VII.

64. Defendant, through its employees and agents, discriminated against Schroeder due to her age, and subjected her to the hostile work environment described herein, culminating with Plaintiff's termination of employment on November 13, 2017.

65. Defendant did so knowingly and with a discriminatory motive, and with malice and/or reckless indifference to Plaintiff's rights.

66. As a direct result of Defendant's discrimination, Schroeder has suffered pecuniary and emotional damage, including distress and mental anguish.

67. As a result of Defendant's unlawful discriminatory conduct towards the Plaintiff as stated herein, Schroeder has and will continue to sustain damages in the form of lost wages and benefits of employment.

68. Defendant's conduct was outrageous and the result of evil motive or reckless indifference to the rights of Schroeder, thus entitling her to an award of punitive damages against Defendant to deter Defendant and others from engaging in future similar conduct.

WHEREFORE Plaintiff Carol Schroeder respectfully requests this Court, after trial by jury, enter judgment for Plaintiff and against Defendant on Count III of this Complaint, and prays for an award of actual damages in an amount to be proved at trial, including but not limited to back pay, front pay, compensatory damages, together with interest thereon, reasonable attorneys' fees, expert fees and costs, and any other further relief available at law or equity that this Court deems just and proper under the circumstances.

        Respectfully submitted,

        **GUNN, SHANK & STOVER, P.C.**

        */s/  PHILIP O. WILLOUGHBY*
        Phillip O. Willoughby,      #17611
        9800 NW Polo Ave., Suite 100
        Kansas City, MO 64153
        Phone  (816) 454-5600
        Fax     (816) 454-3678
        powilloughby@gunnshank.com
        **ATTORNEYS FOR PLAINTIFF**


        **/s/ Carol Schroeder**
        **Carol Schroeder, Plaintiff**


## JURY TRIAL DEMAND

Demand is hereby made for trial by jury in this case.

        */S/  PHILIP O. WILLOUGHBY*
        PHILIP O. WILLOUGHBY